## A. A. CREECH ET AL. v. VIVIAN CORBETT ET AL.

### (Filed 26 March, 1947.)

**Ejectment § 17—Judgment of nonsuit in this trial of issue raised by plea of sole seizin in partition proceeding held error.**

> Upon the plea of sole seizin in a proceeding for partition, evidence at the trial tended to show: Petitioners' ancestor conveyed the lands by deed of gift not registered within two years of its execution which deed provided that should the grantee die without issue the lands should revert to grantor's heirs. The grantee died without issue and petitioners claim under the reverter clause. Respondents, devisees under the will of the grantee, claim that she was in adverse possession of the land for the statutory period. *Held:* Judgment of nonsuit is erroneous, since if the deed of gift is void, petitioners still claim lands as heirs of the original ancestor, and since the claim of adverse possession, which depends upon whether respondents' testatrix, having recorded the deed, held under the instrument, or adversely, presents a question of fact.

APPEAL by petitioners from *Burgwyn, Special Judge,* at January Term, 1947, of JOHNSTON.

Special proceeding to sell land for partition, instituted before the Clerk, and on plea of sole seizin, transferred to the civil-issue docket for trial.

The land in question is specifically described in paper writing purporting to be deed from J. B. Creech and wife, Polly Creech, to Louisa H. Hales, registered in Book H-13, page 322, Public Registry of Johnston County. This instrument purports to bear date 29 May, 1914, and was filed for registration 3 April, 1917. It contains the following proviso: "Should she die without issue, this tract of land to revert to our heirs."

It is conceded that J. B. Creech died in 1904; Polly Creech in 1908, and Louisa H. Hales in 1945, "without issue," but leaving a will in which she devised all of her property to the respondents.

The claim of the respondents, therefore, rests upon this will and adverse possession on the part of their devisor for more than twenty years.

From judgment of nonsuit entered at the close of all the evidence, the petitioners appeal, assigning errors.

*Leon G. Stevens for petitioners, appellants.*
*Parker & Lee and Wellons & Canaday for respondents, appellees.*

STACY, C. J. The question for decision is whether the case as made can survive the demurrer to the evidence. Even if it be conceded that the instrument in evidence purporting to be a deed of gift from J. B.

Creech and wife to Louisa H. Hales is void, as the trial court concluded, this would not perforce dispose of the petitioners' *prima facie* case.

It is true the petitioners claim under the reverter clause in this instrument. Failing in this, however, they claim as heirs of J. B. Creech. So, taking either horn of the dilemma, the matter would seem to be for the twelve.

Then, too, if Louisa H. Hales put this paper writing on record, what effect did it have upon the character of her possession? The respondents rely upon her claim of adverse possession. The petitioners say her claim was under this registered instrument.

The case is involved in too many contradictions to warrant a nonsuit. Reversed.